IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 12-cv-03290-PAB-MJW

DONNA FASI,

    Plaintiff,

v.

HSBC BANK USA, N.A. and
WELLS FARGO BANK, N.A.,

    Defendants.

# ORDER

This matter comes before the Court on the motion for a temporary restraining order ("TRO") [Docket No. 5] filed by plaintiff Donna Fasi.

On December 18, 2012, Ms. Fasi filed a complaint against defendants HSBC Bank USA, N.A. ("HSBC") and Wells Fargo Bank, N.A. ("Wells Fargo"). Docket No. 1. The complaint alleges that Ms. Fasi entered into a mortgage loan with Wells Fargo on January 9, 2006 regarding property which Ms. Fasi appears to operate as a farm. *Id*. at 3, ¶¶ 3-4; Docket No. 5 at 2, ¶ 5. The complaint further alleges that HSBC foreclosed on the subject property while acting as a trustee for NHEL Home Equity Loan Trust. Docket No. 1 at 3, ¶ 4. The complaint does not allege when such foreclosure took place. The complaint includes one claim, namely, that Wells Fargo violated the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, *et seq.*, by inflating the appraised value of Ms. Fasi's property. Docket No. 1 at 62-65, ¶¶ 144-75. Her allegation that Wells Fargo inflated its appraisal is based on her assertion

that Eagle County, where the property is located, had contemporaneously appraised the property for substantially less. *Id.* Through the motion for TRO, Ms. Fasi seeks to enjoin defendants from evicting her and her family until her RICO claim can be heard on its merits. Docket No. 5 at 10, ¶ 20.

Local Rule 65.1 states that a motion for a temporary restraining order shall be accompanied by a certificate of counsel or pro se party stating that "actual notice" of the motion was provided to the opposing party or stating the "efforts made by the moving party to give such notice." D.C.COLO.LCivR 65.1A. Ms. Fasi has not included such a certificate. Instead, Ms. Fasi claims that the Court should grant a TRO on an ex parte basis. Docket No. 5 at 5, ¶ 15. The Local Rules state that courts may not consider an ex parte motion for a TRO except in accordance with Rule 65(b) of the Federal Rules of Civil Procedure. *Id.* at 65.1A.2. Rule 65(b) provides in part that:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if . . . specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition.

Fed. R. Civ. P. 65(b)(1)(A). Ms. Fasi asserts that the Court should enter a TRO without notice because:

> the nature of the fraud conducted by the defendants in the mortgage lending process, taken together with Colorado's lack of consumer protections against invalid foreclosure, plaintiff's equity in the Fasi family farm is at risk until plaintiff's RICO claim against the defendants is properly adjudicated.

Docket No. 5 at 5, ¶ 15. The motion includes an affidavit from Ms. Fasi explaining the irreparable harm that would ensue upon eviction. Docket No. 5 at 7-10.

Neither the motion nor the affidavit explains why Ms. Fasi's alleged irreparable

injuries "will result to the movant before the adverse party can be heard in opposition." *See* Fed. R. Civ. P. 65(b)(1)(A). Ms. Fasi does not suggest that harm would result from providing notice to opposing counsel itself, e.g., by claiming that such notice would prompt defendants to evict her. Moreover, Ms. Fasi does not substantiate the imminence of an eviction. She quotes correspondence from an attorney for defendants stating that the "Writ of Restitution may be executed at any time after it is issued by the Eagle County Court." Docket No. 5 at 2, ¶ 4. However, Ms. Fasi does not indicate whether such writ has been issued, whether defendants have set a date on which Ms. Fasi must leave her home, and, if so, whether that date is imminent.[1] Thus, Ms. Fasi fails to comply with the notice provision of Local Rule 65.1A and fails to clearly show pursuant to Federal Rule of Civil Procedure 65(b) that immediate and irreparable injury will result before the adverse party can be heard. Ms. Fasi's motion will be denied on this basis alone.

Even if the Court considers the motion on the merits, Ms. Fasi fails to justify the issuance of a TRO. A party seeking a TRO must show (1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the movant's favor; and (4) that the injunction is in the public interest. *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009) (internal citation omitted).

Here, Ms. Fasi cannot establish that she will suffer irreparable harm absent a

---

[1] Colorado courts issue a Writ of Restitution no sooner than 48 hours from the entry of judgment for plaintiffs in an unlawful detainer action. Colo. Rev. Stat. §§ 13-40-115, 13-40-122(1). *Id*.

3

TRO because she does not allege that she has a present right to remain in her home. Eviction from property that one does not own does not constitute irreparable harm. *Allen v. United Props. & Constr., Inc.*, 07-cv-00214-LTB-CBS, 2008 WL 4080035, at *18 (D. Colo. Sep. 3, 2008) (citing *Wendt v. Edward D. "Tito" Smith*, 2003 WL 21750676, at *3 (C.D. Cal. 2003)).  Moreover, Ms. Fasi's RICO claim is a legal claim through which she seeks to recover $698,100.  Docket No. 1 at 65, ¶ 171 ("The amount of Plaintiff's compensatory damages is $232,700.  This amount is tripled under civil RICO to $698,100."); *see Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 503-04 (1959) (claim for treble damages under Sherman Act is a legal claim).  Ms. Fasi's RICO claim, if successful, would entitle her to monetary damages, which does not constitute irreparable harm justifying issuance of an injunction.  *RoDa Drilling Co.*, 552 F.3d at 1210 ("a plaintiff satisfies the irreparable harm requirement by demonstrating a significant risk that he or she will experience harm that cannot be compensated after the fact by monetary damages") (internal citation and quotation marks omitted); *Pimentel v. Deutsche Bank Nat'l Trust Co.*, 2009 WL 3398789 (S.D. Cal. Oct. 20, 2009) (wrongful eviction from unowned property can be compensated through monetary relief).

   Finally, Ms. Fasi alleges that the damages she seeks in her RICO claim (three times the difference between the allegedly inflated appraisal and the county appraisal) offset the balance she owes on the mortgage.  Docket No. 1 at 65, ¶¶ 173-74 ("The balance of the loan is equitably setoff against Plaintiff's damages, which are credited to any existing mortgage loan balance.").  Ms. Fasi's motion for a TRO does not provide

any authority to support her assertion that she may remain in possession of the property as a remedy for defendants' alleged RICO violation or even that she is entitled to have an award of monetary damages under RICO offset against the remaining balance on the mortgage.

Ms. Fasi fails to demonstrate a likelihood that she will suffer irreparable harm in the absence of a TRO. The Court need not reach the other factors of the inquiry because, absent a showing of irreparable harm, Ms. Fasi does not provide sufficient support for issuance of injunctive relief. *See Ty, Inc. v. GMA Accessories, Inc.*, 132 F.3d 1167, 1172 (7th Cir. 1997) ("a plaintiff who cannot show any irreparable harm at all from the withholding of a preliminary injunction is not entitled to the injunction however strong his case on the merits, for he has no need for preliminary relief in such a case, no need therefore to short circuit the ordinary processes of the law.").

For the foregoing reasons, it is

**ORDERED** that Plaintiff's Emergency Motion for Temporary Restraining Order [Docket No. 5] is DENIED.

DATED January 3, 2013.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge